**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

ARLINGTON CATHOLIC
HERALD, INC.,

     **Plaintiff,**

**v.**                           **Civil Action No.  1:24-cv-01377-AJT-WBP**

OGDEN NEWSPAPERS
OF MARYLAND, LLC,

     **Defendant.**

**ANSWER AND DEFENSES OF
DEFENDANT, OGDEN NEWSPAPERS OF MARYLAND, LLC**

COMES NOW, Defendant Ogden Newspapers of Maryland, LLC ("Ogden Maryland" or "Defendant"), by counsel, and makes its answers and defenses to the Complaint of Plaintiff Arlington Catholic Herald ("ACH" or "Plaintiff"), as follows:

**ANSWER**

In response to the numbered allegations of Plaintiff's Complaint, Ogden Maryland states as follows:

**COUNT I
BREACH OF CONTRACT**

1.      Upon information and belief, Ogden Maryland admits the allegations contained in Paragraph 1 of the Complaint.

2.      In response to Paragraph 2 of the Complaint, Ogden Maryland admits that it is an LLC in the State of Maryland, and Ogden Maryland admits that it has registered as a foreign limited liability company with the Commonwealth of Virginia and thus is authorized to do business in the Commonwealth of Virginia.

3.      In response to Paragraph 3 of the Complaint, Ogden Maryland admits that it has provided, and continues to provide, printing services for ACH, which printing services include some ancillary services related to mailing ACH's publication; Ogden Maryland denies that it entered a contract with ACH for "postage services;" and Ogden Maryland states that the documents attached to the Complaint as Exhibit No. 1 speak for themselves and denies that ACH has accurately characterized the documents.

4.      In response to Paragraph 4 of the Complaint, Ogden Maryland denies that the parties had a "printing and postage agreement" to the extent that the inclusion of "postage" implies an agreement between the parties for Ogden Maryland to deliver ACH's publication to subscribers' postal addresses and to charge for that delivery service; Ogden Maryland denies that it charged ACH any amount for postal delivery costs or "postage;" Ogden Maryland accordingly denies that it "overcharged" ACH for postage by any amount; Ogden Maryland specifically denies that it "overcharged" ACH for postage "in the amount of $153,331.26;" Ogden Maryland denies that it "did a software update" to the third-party software at issue; and Ogden Maryland states that the document attached to the Complaint as Exhibit No. 2 speaks for itself and denies that ACH has accurately characterized the document.

5.      In response to Paragraph 5 of the Complaint, Ogden Maryland admits that ACH made a demand to Ogden Maryland in the amount of $153,331.26 but denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.      Ogden Maryland denies the allegations and legal conclusions contained in Paragraph 6 of the Complaint.

22978386.1

7.      Ogden Maryland denies the allegations and legal conclusions contained in Paragraph 7 of the Complaint and specifically denies that ACH is entitled to attorney's fees, costs and expenses.

8.      Further answering, Ogden Maryland denies any allegation not specifically admitted; Ogden Maryland denies that ACH is entitled to recover any damages in this action; and Ogden Maryland specifically denies that ACH is entitled to any damages prayed for in the "WHEREFORE" paragraph following Paragraph 7, including, without limitation, the "principal sum of One Hundred Fifty Three Thousand Three Hundred Thirty One and 26/100 Dollars ($153,331.26)," interest, attorney's fees and costs, or any damages whatsoever.

## DEFENSES

Ogden Maryland asserts the following defenses without prejudice to the denials set forth in the preceding paragraphs and without admitting any allegations of the Complaint not otherwise admitted.  Furthermore, because Ogden Maryland's investigation into ACH's claim is continuing, Ogden Maryland expressly reserves the right to allege additional defenses as they become available during the course of this action, including through discovery.

### First Defense

ACH's Complaint fails to state any claim on which relief can be granted.

### Second Defense

ACH has failed to join an indispensable party, the United States Postal Service (the "USPS"), with which ACH had an agreement for postal delivery services and to which ACH made payments, including the alleged overpayments, for postal delivery services or for "postage."

22978386.1

### Third Defense

ACH had no contract or agreement of any kind with Ogden Maryland for Ogden Maryland to deliver ACH's publication to subscribers' postal addresses and to charge for that delivery service. Accordingly, Ogden Maryland did not charge ACH any amount for postal delivery costs or "postage." Ogden Maryland thus did not overcharge ACH for postage by any amount. Accordingly, there was no breach of a contract that did not exist in the first place.

### Fourth Defense

There was no meeting of the minds and a failure of consideration for any contract by which Ogden Maryland would deliver ACH's publication to subscribers' postal addresses and charge for that delivery service.

### Fifth Defense

No contract term exists by which Ogden Maryland could be liable to reimburse ACH for alleged overpayments made by ACH to the USPS.

### Sixth Defense

Ogden Maryland asserts the affirmative defenses of payment and accord and satisfaction, insofar as Ogden Maryland has performed all services requested by ACH, has invoiced ACH for those services, and ACH has paid those invoices and cannot now contend that those invoices contained any overcharges.

### Seventh Defense

Insofar as ACH cannot identify any invoice or invoices from Ogden Maryland that charge ACH for "postage," ACH is estopped from asserting that Ogden Maryland overcharged it for postage or postage services.

22978386.1

## Eighth Defense

In defense of ACH's claim for attorney's fees, Ogden Maryland states that the "general rule in th[e] Commonwealth [of Virginia] is that in the absence of a statute or contract to the contrary, a court may not award attorney's fees to the prevailing party." *Carlson v. Wells*, 705 S.E.2d 101, 109 (Va. 2011) (citing *Prospect Dev. Co. v. Bershader*, 515 S.E.2d 291, 300 (Va. 1999)).

## Ninth Defense

To the extent that ACH's claim sounds in negligence, although it has not pleaded any tort, ACH was contributorily negligent insofar as it controlled its payments to the USPS and had the ability to determine whether the USPS was overcharging it, but ACH allowed the alleged overcharging by the USPS to continue for several months.

## Tenth Defense

To the extent that ACH allowed Ogden Maryland to interact with the USPS on ACH's behalf without compensation for those interactions, ACH assumed the risk of any errors that may have occurred.

**Respectfully submitted,**
**OGDEN NEWSPAPERS**
**OF MARYLAND, LLC**
**By Counsel:**

*/s/* J. Zachary Balasko
J. Zachary "Zak" Balasko
Virginia State Bar No. 95345
Zak.Balasko@Steptoe-Johnson.com
STEPTOE & JOHNSON PLLC
1250 Edwin Miller Boulevard
Martinsburg, West Virginia  25404
(304) 262-2519

-and-

22978386.1

6

/s/ Shawn A. Morgan
Shawn A. Morgan
West Virginia State Bar No. 6640
Shawn.Morgan@Steptoe-Johnson.com
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, West Virginia  26330
(304) 933-8119
*Admitted Pro Hac Vice*

**Attorneys for Ogden Newspapers**
**of Maryland, LLC**

22978386.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

**ARLINGTON CATHOLIC
HERALD, INC.,**

     **Plaintiff,**

**v.**                             **Civil Action No. 1:24-cv-01377-AJT-WBP**

**OGDEN NEWSPAPERS
OF MARYLAND, LLC,**            **Removed from: Circuit Court of
Arlington County, Va., Case No. CL24001993-00**

     **Defendant.**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2024, a true and correct copy of the above and foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                        */s/* J. Zachary Balasko
                                        J. Zachary "Zak" Balasko

22978386.1